Gilman v. Schwartz.

## (*) GILMAN versus SCHWARTZ.

An unsealed agreement to convey land to the plaintiff at a specified day, and reciting that it was in consideration of a sum paid by the plaintiff and of another sum *to be* paid by a third person, (who in fact had never agreed to pay it,) is upon a condition that the latter sum be paid before the making of the conveyance.

ON FACTS AGREED.

The defendant received a conveyance of land from one Freeman Nye, and two days afterwards gave an obligation to reconvey, if within eighteen months Nye should pay seventy-five dollars and interest and taxes.

A few days before the end of the eighteen months, the defendant gave to the plaintiff an agreement without seal, that he would convey the land to him, as soon as the bond should expire which was given to Nye, if Nye should not choose to redeem it. This agreement purported to be "in consideration of seventy-five dollars paid to me by Charles F. Gilman, [the plaintiff,] and fifteen dollars to be paid by Elisha Nye." At the time of signing the agreement, the plaintiff paid seventy-five dollars to the defendant. There was no agreement by Elisha Nye, or by the plaintiff, to pay the fifteen dollars, and it has never been paid.

After the end of the eighteen months, Freeman Nye not having redeemed the land, the plaintiff demanded a deed of it, which the defendant refused to give, alleging as a reason, that the fifteen dollars had not been paid. Whereupon this action was brought upon said unsealed contract.

*A. Sanborn*, for plaintiff.

*A. W. Paine*, for defendant.

RICE, J. — The only matter submitted for the consideration of the Court is, whether the payment of the fifteen dollars, being part of the consideration, and which was to be paid by Elisha Nye, was a condition precedent to be performed before the defendant should be required to convey; or whether the payment of this sum is to be viewed as an independent transaction, upon the performance of which the obligation of the defendant to convey in no wise depended.

In the construction of contracts Courts will always give effect to the intention of the parties, when their intention can be discovered, and no rule of law is thereby violated. For this purpose the intention of the parties to the contract, as presented by the case, may be taken into consideration.

In the case at bar the whole consideration for which the defendant had obligated himself to convey, was ninety dollars. Of this sum seventy-five dollars was paid in cash by the plaintiff, and fifteen dollars were to be paid by Elisha Nye. No agreement, however, was made by the plaintiff or Elisha Nye to pay that sum. The only security which the defendant had for the payment of the fifteen dollars, was the land then in his possession. If a demand had been made for a deed under the bond to Freeman Nye, the defendant would have been required to convey only on the payment of seventy-five dollars with interest from Oct. 31, 1849, and all taxes which said Schwartz might have paid on the premises.

There is nothing in the case, or in the intention of the parties, that would seem to indicate, that the defendant was to be required to give a deed under the contract with the plaintiff, on terms less favorable to himself, than those stipulated in his bond to Freeman Nye.

In view of these considerations, we are of opinion, that it was not the intention or expectation of the parties, that a deed should be required from the defendant until the fifteen dollars, which make a part of the consideration, should be paid. This has not been done. According to the agreement a nonsuit is to be entered.

SHEPLEY, C. J., and TENNEY, APPLETON and HATHAWAY, J. J., concurred.